

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2006

# Mahmood v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mahmood v. Atty Gen USA" (2006). *2006 Decisions.* Paper 776.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/776

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3043
_____

ARSHAD MAHMOOD,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A79-706-405)

_____

Submitted under Third Circuit LAR 34.1(a)
on 3/6/06

BEFORE: ROTH[*] and GREENBERG, <u>Circuit Judges</u>, and
BUCKWALTER[**], <u>District Judge</u>

(Opinion Filed July 7, 2006)

_____

OPINION

_____

[*]Judge Roth assumed senior status on May 31, 2006.

[**]The Honorable Ronald L. Buckwalter, Senior United States District Court Judge
for the Eastern District of Pennsylvania, sitting by designation.

**ROTH,** <u>Circuit Judge</u>:

Arshad Mahmood petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming, without opinion, the Immigration Judge's (IJ) grant of voluntary departure and denial of his request for a continuance. Mahmood is a native and citizen of Pakistan who received three continuances from the IJ during removal proceedings, and petitions for review of the IJ's denial of a fourth continuance. We do not reach the merits of Patel's claim that the IJ abused his discretion in denying the fourth continuance because we conclude that we lack jurisdiction to review an IJ's denial of a continuance in a removal proceeding.

I.

On or about June 1999, Mahmood arrived in the United States without being inspected, admitted or paroled. On April 21, 2001, Mahmood married an American citizen and filed a Petition for Alien Relative (Form I-130) and an Application for Permanent Residence (Form I-485), both of which were terminated by the former Immigration and Naturalization Service (INS) pursuant to INS Operating Instruction 103.2(o). On February 27, 2003, the INS issued a Notice to Appear. Mahmood appeared before the IJ on September 4, 2003, conceding removability, and subsequently received three continuances – the case was first adjourned to October 23, 2003, then adjourned to November 20, 2003, and finally adjourned to November 24, 2003. The continuations

were granted in order to allow Mahmood to file a new Form I-130. When he appeared before the IJ on November 24, 2003, however, Mahmood submitted a photocopy of the original, terminated Form I-130 with what Mahmood alleged was a new signature by his wife who was not present in court. The IJ, in an oral decision, held that the Form I-130 was not "new" because it was merely the same petition that had previously been terminated by INS, explained that he was not prepared to extend the proceedings for an indefinite time after having given three prior adjournments, and granted Mahmood 120 days voluntary departure. The IJ further suggested that if the INS wanted to approve the photocopied petition, Mahmood could seek reopening of his case. The IJ then denied Mahmood's request for a fourth continuance in order to obtain new counsel. On May 17, 2005, The BIA affirmed, without opinion, the IJ's decision.[3]

On appeal, Mahmood argues that the IJ judge abused his discretion in denying a continuance of the proceedings. In particular, Mahmood asserts for the first time that the IJ should have continued his proceedings pursuant to INS Operations Instruction 103.2(o)[4] or in order to allow him to retain new counsel.[5]

---

[3] The petition is for review of the BIA's final order of removal, which was based on its decision to defer to the IJ. Thus, we "review the IJ's decision to assess whether the BIA's decision to defer was appropriate." Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

[4] INS Operations Instructions are "internal INS guidelines" and therefore do not apply to the immigration court. See Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999). Operation Instruction 103.2(o) provides that an alien may file a written request for renewal of a visa petition terminated under that instruction. Operation Instruction 103.2(o) does not address the renewal of a Form I-130 after an alien

3

II.

We lack jurisdiction over the Petition for Review because the grant or denial of a continuance is a discretionary determination covered by 8 U.S.C. § 1252(a)(2)(B)(ii).

III.

IJs are designees of the Attorney General and are thus governed by provisions of law regarding the Attorney General. See Urena-Tavarez v. Ashcroft, 367 F.3d 154, 158 n.6 (3d Cir. 2004). Hence, the IJ's denial of a continuance in this case constitutes a discretionary action of the Attorney General for purposes of 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding this Court's jurisdiction to review decisions "of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title"). The authority from which an IJ's discretionary denial of a continuance is derived originates from 8 U.S.C. § 1229(a)(a)(1) (referring to 8 U.S.C. § 1229a(a)(1) which authorizes IJs to "conduct removal proceedings") and an implementing regulation at 9 C.F.R. § 1003.29 (providing that "an [IJ] may grant a continuance for good cause shown"). Because the IJ's discretionary decision to deny a continuance was authorized

has been placed in immigration court proceedings.

[5] In Mahmood's brief to the BIA, he argued that the IJ erred in not accepting the photocopy of his original, terminated Form I-130. He neglected, however, to mention Operations Instruction 103.2(o) or ineffective assistance of counsel.

Mahmood has filed a Motion to Reopen with the BIA, alleging ineffective assistance of counsel. That motion is pending.

4

by a regulation implementing 8 U.S.C. § 1229a(a)(1), which is contained in subchapter II of Chapter 12 of Title 8, we hold that § 1252(a)(2)(B)(ii) precludes our review of the IJ's denial of Mahmood's request for a fourth continuance.  We will thus deny the petition.